I didn't file a reply brief, and I would like to address several issues that were raised in the answering brief, because I believe there are some jurisdictional issues that were raised about the appealability of the orders by the district court, in particular the appealability of the order staying the action, the civil rights actions, and ordering those matters for arbitration. And I would like to cite to a case Strike v. County of Los Angeles, which is a Ninth Circuit case, of course, at 236 F. 3rd, 558. Would you also, in case we missed the transcription, the clerk has a little piece of paper where you can provide supplemental authority, and after the argument, if you would just fill that out and make sure that your opposing counsel also has a copy of that. Thank you. And in the Strike case, the issue came up also about the appealability of interlocutory orders. Those were civil rights cases. But the panel found that there were two grounds in which they could find that the orders were appealable. One was under the collateral order doctrine, which I think has special consideration here. And they cited at 558 Cohen v. Beneficial Industrial Loan Corp., which is, I think, the seminal case in this area, at 337 U.S. 541. And in particular quoted the Cohen case for the proposition that if a district court order did not make any step toward final disposition of the merits of the case, it would not be merged in final judgment. It is appealable as a final disposition of a claimed right. It is not an ingredient of the cause of action. It does not require consideration with it. The question I have, I think we're pretty familiar with Cohen because we look at collateral order appeals a lot. Sure. Was the Strike case actually a situation where they had stayed a Federal claim pending arbitration? No. It was a general Cohen? It was a civil rights case dealing with civil rights claims against the county sheriff department. And then the second basis was also under the pendant appellate jurisdiction doctrine, which has a little more complexity to it, in my opinion, in that there you have to show it seems to be undecided by the Supreme Court, but this circuit has taken the position that if you can show that the claims that are appealable are inextricably intertwined with the claims that are not necessarily directly appealable, the court can take jurisdiction. It would seem to me the Cohen doctrine, the the. What would be the appealable claim that you would attach to under that theory? It seems to me that there clearly is jurisdiction for the remand order. The remand order is a directly appealable order under 28 U.S.C., I believe, 1446B. Normally, remand orders, of course, are not appealable. Well, if it's a 1441C remand order, then there wouldn't be any appealability. And it would have to be a 1443 remand for there to be appealability. So you would have to fall in that statute. Maybe you could explain how, in your view, you would fall within 1443. It's directly expressed in the statute. I believe I cited it in my brief. But the civil rights statute that we removed it under is the one of the few statutes that is a directly appealable, a statute that allows for an appeal for a remand under that statute, I believe. But I believe it was true. If it's really a civil rights case, that might be true. But if it's a claim for enforcement of arbitration, then I'm having a little trouble fitting it into 1443. And you might think that's a distinction without a difference. But the courts seem to have made some distinction between, you know, it's what you're asking for. It's what the claim is in the court of law. Well, it originally arose out of an arbitration. And it arose out of contractual arbitration. But what the Patels were arguing was that in the contemplation of the contract, it fell within the ambit of 42 U.S.C. 1981, which talks about private. Which is a civil rights statute. And it's a civil rights statute which particularly talks about discrimination in the making or enforcement of contracts. So the removal was made under that basis in addition to the 1446 statute. And 1443.1, 28 U.S. 1443.1 is the direct statutory authority for appealability, for removal, and I believe appealability. And the 42 U.S.C. 1981 argument, they're the cases that we cited, the two U.S. Supreme Court cases going back to the 1960s, the city of Greenwood and the Rachel case. I think clearly held that 42 U.S.C. 1981 would satisfy the first prong of an equal protection statute. My argument is, is that although it's not been decided yet by the Supreme Court of whether the second prong would. See, that's where you kind of run. And that's never been. The second prong says you need to show that the state courts wouldn't enforce the right and there must be some state statute or constitutional provision that would run headlong into the constitutional civil rights claim, like a 1981 claim. My argument. What do I look to to satisfy part two? Well, my argument there is, is that the line of cases that I cited, some of the out-of-circuit authority, there's some cases in the federal fair housing area, some cases in the voting rights area, where if you have a statute which immunizes the conduct, somehow immunizes the conduct, that has been held to be considered to be valid under the second prong of the statute. Now, my argument under 42 U.S.C. 1981 is when Rachel and city of Greenwood were decided, there had not been the amendment to 1981B. 1981B now talks about direct impairment, that the statute protects against impairment of civil rights either by private parties or government in the making or enforcement of contracts. So my argument there is, is that now the amendment that came with the 1991 legislation qualifies it under the second prong of the statute. You're talking about federal legislation. Correct. But you need a state hook. Well, as far as the actual facts, as I read the city of Greenwood in the Rachel case, I don't think it necessarily, although that would have been the, I think, the paradigm case of where you have a state statute which somehow criminalizes activity, but I think they also allowed a narrow exception for a statute which is neutral on its face but which is being enforced in a discriminatory manner. The reality is here is that the Patels could not raise any of their claims under 1981 in a petition for arbitration. One has an arbitration and then one goes under the state court. It's very limited for the court as far as review. The state courts have limited review. They're only there not to look at whether there's anything other than there was a contract and that's it. And whether they can't even review the rationale for the, what the arbitrators have decided. So it seems to me they can't enforce their, they don't have an adequate opportunity to enforce their 1981 claims. Well, let me ask you this. I'm just trying to figure out the procedural posture. Let's say they haven't, well, just to assume they have a good 1981 claim. They have this arbitration going on. It finishes. It comes to some conclusion. Their civil rights claim in Federal court hasn't been adjudicated. It's simply been stayed. So we don't know where it might go.  The procedural posture of this case now is that there were two arbitrations, actually. The first arbitration the Battelle's objected simply on the basis that they didn't believe there was a basis for them to even proceed an arbitration. They just were not going to agree to that. It proceeded without their participation. And then that was when it was remanded to state court. Even though we filed an England reservation, it was eventually confirmed by the state court and confirmed in an unpublished opinion by the court of appeals. During the course of this litigation, Del Taco then went ahead and sent them a demand for some, I believe the original amount was a million dollars. The original arbitration award was $30,000. Then the second demand was for a million dollars. That eventually went down to $100,000. That went to an arbitration, confirmed, and that is now being appealed. There are issues in the state court about race, at least I believe there are issues about race judicata and collateral estoppel claim or issue preclusion in the state court proceeding. What the preclusive effect of the arbitration award is, that in itself is a sticky question. I mean, as I ---- We don't know the answer to that yet. I don't know the answer. I've read some cases that it seemed to me, as I read ---- But see, what I'm saying is that if they then ---- if their civil rights action is stayed, then you would ---- once it's unstayed or the stay is lifted, then you argue all of this, whether there's maybe only limited preclusive, that maybe there's some slice that's left that they could never have brought in arbitration. You know, I don't really know, but it seems to me the only question we have is, well, can you appeal the fact that you've been put in the icebox for however long. But even if you lose and it can't be appealed, you still come back, don't you, and reactivate that civil rights action once everything's final in the state court. Well, one concern, Your Honor, was of course the fact of the waiver. I mean, I couldn't take a chance of somehow having it be construed that we had somehow waived that issue. I would even ---- All right. Time has expired. We'll give you a short time period. But I would even ---- Your time has expired. Okay. I'm sorry. Good morning. May it please the Court. I'm Adam Pines of Manat, Phelps & Phillips. On behalf of the appellee, Del Taco, Inc. Throughout these proceedings, the Patels have made an effort to blur different issues and prior proceedings together to try to bootstrap one claim onto another. But this case is not that complicated. What happened was Del Taco obtained an arbitration award in 2003 and filed a petition to confirm it. It's a single cause of action in the state court to confirm arbitration award. It's a judicial council form. Check the boxes. The day before that petition was set for hearing, the Patels removed that petition to the Eastern District of California. Of course, Del Taco had no say about that. They received a notice of removal. The Superior Court received it. The case stopped and it went to the Eastern District. At the same time, the Patels filed a civil rights action against Del Taco. So you have two parallel proceedings. You have the removal and you have the civil rights action. Del Taco received the removal, did some research and saw that the statute under which the Patels had removed the petition, Section 1443, had been specifically limited to actions in which a state law expressly prohibited or, sorry, made criminal a party's exercise of civil rights that are also specifically protected by federal law. This is in the city of Greenwood case. In Rachel, the circumstances that allowed removal were that a federal statute gave the parties, the defendants, the right to remain in a restaurant after being instructed to leave. And the federal law further gave them a statutory right that no state should prosecute them for remaining in a restaurant after being asked to leave. This is in the civil rights, the American South in the 60s, that context. And the city of Greenwood specifically limits Section 1443 to that type of circumstance. Here, Del Taco's well-pleaded petition raises no federal claim. It's an ordinary petition to confirm arbitration award between California residents. There's no diversity of jurisdiction. There's no federal rights claim. And there's no showing that any federal statute gave the Patels any right that was denied by any California state law. The removal issue is that simple. It's a state claim with no federal jurisdiction gets removed. We asked the Patels to stipulate to the remand. We said we'd done the research. There's no basis for your removal. Please stipulate. And they refused. So we went forward with the hearing, and the judge issued a 10-page remand order that thoroughly considered the Patels' arguments. On the civil rights case, the second proceeding that's pending in the district court, the Patels' ‑‑ I'm sorry, Del Taco moved to stay that case and compel arbitration because these two parties only dealt with each other under a franchise agreement. When they started dealing with each other, they signed a 50-page franchise agreement that has a five-page arbitration proceeding. It allows discovery. It provides specificity for the appointment of arbitrators, how everything's going to go. In fact, it's a self-executing agreement. It doesn't require a petition to compel arbitration in order to initiate those arbitration proceedings. The Patels signed that. They never objected in the district court that they didn't read it, didn't understand it. These are sophisticated business people. That arbitration provision covers ‑‑ I want to strike that. The language in the arbitration provision is language that's been specifically interpreted by the federal courts to be a broad arbitration clause. And in the context of that type of clause, it's well settled that claims that a party was fraudulently induced to sign an arbitration agreement, claims that a party's been discriminated against in connection with the relationship, all of these things would be submitted to the arbitrator. That's the whole point of the California and the federal arbitration acts. The district court addressed the Patels' arguments that their removal was intertwined, that Del Taco had waived its arbitration rights by proceeding with an unlawful detainer action. The district court reached the same conclusions that the California Court of Appeal reached in this case, that Del Taco did not waive its arbitration rights by going through the unlawful detainer process. What happened with the UD is that Del Taco filed a case in the Superior Court because that's the most efficient way to resolve issues about possession of property. The Patels answered that complaint. Del Taco got moved for summary judgment. The Patels filed an opposition. We don't have appellate jurisdiction over a stay order such as this, do we? I don't believe you do. The other question I had is, is this now moot? Has the State court judgment been entered vis-à-vis the arbitration? There are, again, two proceedings. The Del Taco's petition to confirm its first arbitration award was remanded, that petition was granted, judgment was entered, and it was affirmed on appeal. So that part is final. The second proceeding is the district court action under Section 1983, Section 1981, the Patels' civil rights complaint. I probably wasn't clear enough. They have a civil rights case pending in Federal court, but they have appealed the stay of that civil rights case. That's one of their questions is whether that can be appealed. My question is whether their appeal is moot because you've already entered the judgment in the State court arbitration. So basically you're just back to letting the Federal court figure out what to do with the remaining 1981 claim. Well, the question is whether the Patels were required to bring their civil rights claims or their defenses based on the civil rights statutes in the State court arbitration. And that has not been litigated. And that's left for the district court to figure out, correct? We were expecting, oh, sorry. Yes or no? Yes. Okay. See how easy it is? We've been expecting all along the Patels to initiate an arbitration to resolve these issues. They were the case was stayed and they were sent to arbitration. If they wanted to actually have this resolved on the merits, they have the power to go to that arbitration. And we may raise defenses in that arbitration of res judicata, but they've never taken even the first step towards that. So unless the court had further questions. I'm not clear on your answer to Judge McKeon's question. Is this appeal moved now because the State proceedings are over? Yes. The Patels should have raised in the remanded arbitration any claims they had against Del Taco under this agreement. And they didn't do that. But we're not going to. That's not for us to figure out. I have a question. Go ahead. Go ahead. They have appealed because the court granted you a stay pending the disposition of the arbitration proceeding in the State court. Is that correct? No, no. I'm sorry. There are two different proceedings. The petition to confirm the arbitration award got remanded. The Patels have had a separate civil complaint against Del Taco. That civil action was stayed and the Patels were ordered to arbitrate their claims in that action if they chose to do so. They have not filed that arbitration. So, no, they can initiate an arbitration to litigate those claims. These are disputes between parties with an arbitration agreement. And if they want to pursue them, they can initiate an arbitration and do that. Absolutely. So, no, it's not moved because they've never gone through that arbitration process. Is their failure to do that any reason to preclude the district court now to proceed on the federal claims? No. The Patels are the plaintiff and the party that has the claims. If they wish to pursue them, they have to take the action to initiate an arbitration. It's a simple form you file with the AAA. We would not object to the Patels initiating an arbitration on these issues. All right. Thank you. Thank you. You used up your time, but I'm going to give you a minute. Sure. I just want to clarify one thing. There are two aspects to this appeal. One is the remand order of the original petition to arbitrate by Del Taco. That's the 1441, 1442. If there is a mootness issue on the remand order, that would go to that issue because that was eventually confirmed by the superior court. It was only a contract issue. The stay order is a separate issue. The stay order deals with our civil rights claims and claims that also fall under the FAA that the district court told us you need to arbitrate those claims. And those have not been arbitrated pending this appeal. Correct. Therefore, this appeal is not moot. It is not moot, certainly as to that particular portion of the appeal. And my argument would be is that even if we were to arbitrate, Del Taco tells us to arbitrate, there are contract claims under the FAA that could be arbitrated. But our problem is, is we do not want to submit our civil rights claims to arbitration. As I quoted under the McDonald case, one can substitute the unique remedy under 42 U.S.C. 1983 or 81 or 853 for, quote, unquote, the law of the shop, not to denigrate lawyers who arbitrate on a regular basis, but it's a unique remedy under the 13th and 14th Amendment, and we don't believe those should have been a part of what Judge Coyle said should be arbitrated, even if he had stayed the whole action. I think we've got your point well in line. Thank you. The case of Pichelle v. Del Taco is submitted. Next case for argument is McDonald v. Kahikolu. Did I get it close? Say it again. Kahikolu. Kahikolu.
judges: Alarcon, McKeown, Holland